IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WANDA RANDOLPH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0344-WS-N |
| | ) |
| JL HOLDINGS I, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This action was brought by Wanda Randolph and Dennis Dragotta. Randolph has filed a motion to dismiss the action with prejudice, (Doc. 26), to which the defendants consent. (Doc. 30).

Mr. Dragotta died on October 26, 2015. (Doc. 25). Defense counsel state they reached a settlement with Plaintiffs' counsel before they knew of his death. (Doc. 30). Mr. Dragotta's widow states that he left no will or assets requiring probating, that she does not intend to probate the estate or seek letters of representation, and that his relatives have not contested her decision or disputed that she is authorized to speak for the estate. She asserts that the defendants "ha[ve] agreed to very substantial repairs" and that, "as far as Dennis Dragotta is concerned," the case "is concluded other than the Court dismissing it," which she urges the Court to do. (Doc. 29).

The Court requested plaintiffs' counsel to provide "a statement from an authorized representative of the estate: (1) establishing his or her authority to speak for the estate and the basis of such authority; and (2) stating the estate's intentions as to pursuit of this litigation." (Doc. 28). The plaintiffs responded with Mrs. Dragotta's affidavit. For lack of legal briefing from counsel, the Court

is unable to conclude from her affidavit that Mrs. Dragotta has lawful authority to bind the estate to a dismissal of the action.

The suggestion of death was filed and served October 30, 2015. (Doc. 25). "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Failing a request for substitution, then, this action as to Mr. Dragotta will be ripe for dismissal on or about January 29, 2016. The Court deems it the prudent course to retain this action as to Mr. Dragotta until that date; if no motion for substitution is made by January 28, 2016, the Court will dismiss the action as to him pursuant to Rule 25.

For the reasons set forth above, Ms. Randolph's motion to dismiss is **granted in part**. This action as to Ms. Randolph is **dismissed with prejudice**. To the extent it seeks dismissal of the action as to Mr. Dragotta, the motion is **denied**. This action as to Mr. Dragotta is **stayed** (other than for purposes of filing a motion for substitution) until further order of the Court.

DONE and ORDERED this 22nd day of December, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE